## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDDIE GAMBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08CV926 |
| | ) | 1:06CR192-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Eddie Gamble, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 55.)[1] Petitioner is currently serving a 240-month sentence imposed after a jury found him guilty of bank robbery in violation of 18 U.S.C. § 2113(a). (Docket Nos. 31, 36.) Petitioner did appeal his conviction and sentence, but was unsuccessful in that endeavor. (Docket Nos. 52-54.) He then filed the present motion under § 2255. Respondent has filed a response (docket no. 85), Petitioner has filed a reply (docket no. 87), and the motion is now before the Court for a decision.

Before addressing Petitioner's § 2255 motion, there are also three other motions pending. All are by Petitioner and all seek appointment of counsel. As will be discussed below, Petitioner's § 2255 motion is without merit and should be denied. This moots the motions for appointment of counsel, which will be denied accordingly.

_____

[1]This and all further cites to the record are to the criminal case.

## PETITIONER'S CLAIMS

Turning now to Petitioner's § 2255 motion, he raises what are listed on his motion form as three claims for relief. Petitioner's claims are difficult to decipher, but his first claim makes several scattered allegations. They are that: a photographic lineup violated police policy, the symbols on the court reporter's stenography machine were doctored, DNA evidence from the back of his van was withheld, his vehicle was rammed by police vehicles during a high speed chase in violation of state or local law and the Constitution, he was denied the chance to tell the jury that state charges in the case had been dismissed, and he and his wife were kidnapped at gunpoint and their van was stolen.[2] Petitioner's second claim complains that he was tried in federal court after state charges had been dismissed. Petitioner also repeats some of the allegations from his first claim and adds an allegation that a dog-bite videotape from a private television news program was withheld. Finally, his third claim repeats the kidnapping, photographic lineup, and van ramming/high speed chase allegations.

## DISCUSSION

Petitioner's claims can be disposed of quickly. It has long been the law that actions brought pursuant to 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. <u>United</u>

---

[2]It is not entirely clear, but Petitioner appears to blame the alleged kidnappers either for committing the robbery directly or for forcing him to commit it.

States v. Addonizio, 442 U.S. 178 (1979). Most of Petitioner's allegations do not allege errors of this magnitude. For instance, his allegations that police policy or state law were violated are not of constitutional magnitude. The same is true of his cryptic statement that the stenography symbols were doctored or edited and the several reiterations of his contention that he was not allowed to tell the jury the irrelevant fact that his state charges were dismissed in favor of his federal charges. (Presentence Report ¶ 5 (state charges dismissed in light of federal indictment).)

Petitioner's remaining claims fail for various other reasons. He claims police violated his constitutional rights when they rammed his van during a dangerous high-speed chase. However, the Constitution permits the use of reasonable force, including ramming a suspect's vehicle, in such situations. See, e.g., Scott v. Harris, 550 U.S. 372 (2007). Petitioner alleges no facts, as opposed to conclusory assertions, that would indicate that the force used was not reasonable in this case. Petitioner claims his rights were violated when the state dismissed its charges and he was then tried federally, but the fact is that such prosecutions are perfectly proper. Heath v. Alabama, 474 U.S. 82, 89 (1985). He also states flatly that DNA evidence was withheld, but does not identify the evidence or even show that any such evidence was gathered. His claim is entirely conclusory and he is not entitled to relief or an evidentiary hearing on such a claim.[3] Nickerson v.

---

[3] All of Petitioner's claims would actually fail for this reason alone. They are simply conclusory statements without explanation or any basis in fact.

<u>Lee</u>, 971 F.2d 1125 (4th Cir. 1992).  Finally, Petitioner asserts that he and his wife were kidnapped and forced to participate in the bank robbery.  Not only is this claim also conclusory, but it is an attempt to relitigate matters raised during his trial and appeal.  (Docket No. 52.)  This is not proper in a § 2255 motion. <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182 (4th Cir. 1976).  All of Petitioner's claims should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motions for appointment of counsel (docket nos. 65, 66, 67) are **DENIED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 55) be **DENIED** and that Judgment be entered dismissing this action.

<pre>
                          /s/ Donald P. Dietrich
                       **Donald P. Dietrich**
                 **United States Magistrate Judge**
</pre>

September 28, 2009

-4-